IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Peter L. Thomas, | ) | C/A No.: 4:11-176-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Richland County Public Defender; James Hunter May; and J. Clarke Newton, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* plaintiff, Peter L. Thomas, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights with regard to effective assistance of counsel and choice of counsel in his pending state criminal proceedings. He seeks monetary and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein he suggests that this court should dismiss the complaint for failure to state a claim upon which relief may be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to submit objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Recommendation which was filed on March 16, 2011. Plaintiff filed timely objections to the Report which this court will review de novo.

Plaintiff's complaint centers around the reappointment, allegedly after a mass reassignment, of his public defender, without plaintiff's consent and despite the plaintiff's request to represent himself in his ongoing state criminal proceedings.

The Magistrate Judge correctly notes in his Report that defendants May and Newton do not act under color of state law when performing traditional functions as counsel in the plaintiff's state criminal proceedings. Because these defendants are not "state actors," the plaintiff cannot meet the jurisdictional requirement of § 1983 that an alleged violation of a constitutional right was violated by a person acting under the color of state law. As such, the plaintiff cannot state a claim against the defendants.

In his objections to the Report, the plaintiff restates his claim that the Richland County Public Defender cannot constitutionally remove the first assigned public defender to the indigent defendant (attorney defendant May) and, without the express consent of the client (plaintiff Thomas), appoint another public defender (defendant Newton) in his place. Plaintiff also denies that he is attempting to sue the RCPD on behalf of other inmates, contending that he was merely pointing out that the reassignment of his public defenders was not an isolated incident and that RCPD initiated a "new policy of mass reassignment."

In an addendum to his objections, the plaintiff indicates that defendant Newton visited him in prison telling him that defendant May had resigned from the RCPD and that defendant Newton acknowledged that the plaintiff should be allowed to self-represent

himself in his pending state criminals proceeding. The plaintiff appears to suggest that these and other parties, including Immigration and Customs Enforcement official, have "wheels set in motion to obstruct due process and to clandestinely remove the plaintiff from the Alvin S. Glenn Detention Center and to extrajudicially remove him from the United States" to Jamaica.[2] The plaintiff's objections are repetitive and conclusory at best, and are thus overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

April 29, 2011                              Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

---

[2] In his objections, the plaintiff discusses his related civil action before this court against the Richland County Clerk of Court's office (C/A No. 4:11-367-JFA-TER) wherein he alleges that he has been denied self-representation and access to the courts. In that action, which is the subject of a separate Report and Recommendation, the Magistrate Judge opines that this court should not equitably interfere with state criminal proceedings and plaintiff's complaint in that action does not present extraordinary circumstances that justify interference from federal court. This court may take judicial notice of the plaintiff's prior or pending actions. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(district court may take judicial notice of its own files and records).